444 So.2d 735 (1984)
STATE of Louisiana
v.
Joyce BARGE.
No. 83-KA-530.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1984.
Rehearing Denied February 17, 1984.
Writ Denied March 16, 1984.
*736 Olden C. Toups, Jr., New Orleans, for defendant-appellant.
John M. Mamoulides, Dist. Atty., Calvin Hotard, William C. Credo, III, 24th Judicial Dist. Court, Parish of Jefferson, Gretna, for plaintiff-appellee.
Before BOUTALL, CURRAULT and GAUDIN, JJ.
GAUDIN, Judge.
Appellant is Joyce Barge, who was convicted of LSA-R.S. 14:34.2, battery of a police officer, in the Second Parish Court of Jefferson Parish and sentenced to thirty (30) days in parish prison.
She contends the trial judge erred:
(1) In finding probable cause for her arrest on a charge of disturbing the peace,
(2) In failing to find that she justifiably resisted an unlawful arrest,
(3) In finding that she used more force than necessary to repel the aggression of police officers, and
(4) In improperly using her arrest record as a sentencing guide.
For the following reasons, we affirm the conviction and sentence.

THE TRIAL
Four persons, Miss Barge and her friend, Merle Sanderson, and two Jefferson Parish deputies, Lawrence West and Debra Hooper, testified at the trial.
Miss Barge said that in the early morning hours of February 28, 1982, she was expelled from the Hee Haw lounge in Gretna, Louisiana, and then physically abused by police officers who arrived at the scene. Miss Sanderson's testimony supported Miss Barge's.
Miss Sanderson said:
"... by that time there was about six cops there, six or seven, and they were beating her for no reason.
"... I told them she hadn't done nothing and they said that if I didn't leave they were going to arrest me."
Deputy West stated that when he arrived at the lounge, there was "... a large crowd of people outside...," including Miss Barge. Deputy West said that Miss Barge "... couldn't talk in a normal tone. She just kept shouting in my face."
Deputy West said he told Miss Barge:
"M'am, take it easy. What's going on? I can't understand you if you are going to scream and shout and carry on. If you don't calm down, I am going to have to place you under arrest."
When he "... couldn't get the young lady to calm down ...," Deputy West testified, he placed her under arrest for disturbing the peace.
Deputy Hooper, a female police officer, said that Deputy West "... was attempting to find out what was going on and trying to calm her down a little bit. She still kept screaming things that really didn't make sense. It was incoherent pretty much. I can't remember exactly what was being said and we continually tried to calm her down. When we realized that we couldn't calm her down, that's when we placed her under arrest."
Deputy Hooper added:
"We tried getting her to come walk away from the crowd and to come to talk to us over by the car but she wouldn't do that...
"She was screaming something about hate and, oh, I can't remember the exact words, something about `fucking pigs'..."
*737 The "pigs" Miss Barge referred to, Deputy Hooper explained, were police officers.
After Miss Barge was arrested, Deputy Hooper tried to search her for weapons; whereupon, Deputy Hooper stated, Miss Barge struck her "... with her feet and elbows. She bit me on my arm." Deputy Hooper said that she and Miss Barge "... were down on the ground wrestling."

APPLICABLE STATUTES
LSA-R.S. 14:103 defines disturbing the peace as "... the doing of any of the following in such manner as would foreseeably disturb or alarm the public:
"(1) Engaging in a fistic encounter; or
(2) Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride, offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty; or
(3) Appearing in an intoxicated condition; or
(4) Engaging in any act in a violent and tumultuous manner by any three or more persons; or
(5) Holding of an unlawful assembly; or
(6) Interruption of any lawful assembly of people."
R.S. 14:34.2 states that:
"Battery of a police officer is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a commissioned police officer acting in the performance of his duty.
"Whoever commits the crime of battery on a police officer shall be fined not more than five hundred dollars and imprisoned not less than fifteen days nor more than six months without benefit of suspension of sentence."
Miss Barge was formally charged only with the R.S. 14:34.2 violation, the more serious offense. Even though a police officer is trained to exercise a higher degree of restraint than the average citizen, we cannot say that the trial judge erred when he found probable cause for the R.S. 14:103 arrest. Miss Barge's words and behavior would fit under Section (2) of the statute.
The right to resist an unlawful arrest has long existed in this State,[1] but if the arrest is with probable cause and thus legal, the person arrested cannot forcibly rebuff a police officer. There is little doubt here that Miss Barge did physically resist attempts to restrain her and that she did commit a simple battery on Deputy Hooper.
Miss Barge contends that her testimony, supported by Miss Sanderson's, was more believable, that there was no probable cause for her arrest and that the statements of the police officers did not establish guilt beyond a reasonable doubt. The record, however, supports the trial judge's determinations, and we will not disturb them.
Probable cause is not absolute cause, and the actions of lawmen may be supported by less evidence than would justify a conviction. The determination of probable cause is a matter for the trial judge depending, as it often does, upon factual findings and the credibility of witnesses. State v. Billiot, 370 So.2d 539 (La.1979).

SENTENCING
The penalty for simple battery of a police officer is a fine not more than $500.00 and imprisonment not less than 15 days nor more than six months without benefit of suspension of sentence.
Defendant does not contend that her 30-day sentence, which was barely over the statutorily allowed minimum, was excessive. She does complain about LSA-C. *738 Cr.P. art. 894.1 guidelines not being followed and that the trial judge improperly considered her arrest recordi.e., her "rap sheet"prior to imposition of sentence.
One of the prime purposes of Art. 894.1 is for appellate courts to know the judge's reasoning so that the propriety of the sentence can be evaluated. However, unless it is argued that the sentence was excessive, it matters little, for appellate purposes, whether the trial judge fully articulated the listed aggravating and mitigating circumstances.
Before Miss Barge was sentenced, there was an off-the-record discussion. The trial judge then stated:
"You have been repeatedly in for trouble from time to time and time again. Every time you are in trouble, it results in some type of fight orlet me read you some of these things. Of course, you don't have convictions; you have slid out of everything that you have had.
"`Disturbing the peace', `fighting', `aggravated assaults', `disturbing the peace', `aggravated battery', `illegal carrying of a weapon', `resisting arrest', `simple battery', `attempted murder', and again, you have no convictions. And, ah, were any of these things convictions, I would give you the maximum sentence I could, but there is no way that someone could get in that much trouble unless they just walk around with a chip on their shoulder and look for trouble. I mean there is just no way in the world somebody can get in that much trouble unless they are looking for it. No chance.
"The court sentences you to thirty days in Parish Prison."
The Supreme Court of Louisiana has said, in State v. Washington, 414 So.2d 313 (La.1982), that "... prior criminal activity is one of the factors under Art. 894.1 to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions."
Here, the trial judge properly considered Miss Barge's prior criminal activity, and then imposed a sentence well within his discretionary range.

DECREE
We affirm Miss Barge's conviction and her 30-day sentence.
AFFIRMED.
NOTES
[1] See State in the Interest of Courtney, 411 So.2d 593 (La.App. 1st Cir.1982).