BOWES, Judge.
Defendant, Freddie Ross, appeals from a sentence imposed in the trial court following a plea of guilty to a violation of La.R.S. 14:69 (illegal possession of stolen things). We affirm.
A bill of information was filed against the defendant charging him with illegal possession of stolen property. Defendant pleaded guilty to the possession charge. Sentencing was deferred pending receipt by the trial court of a pre-sentence investigation report. Upon consideration of that report, defendant was sentenced by the trial court to eighteen months at hard labor.
On appeal, defendant urges only one assignment of error.
The sentencing judge’s lack of compliance with the sentencing guidelines under the C.Cr.P. Article 894.1 precluded the defendant from receiving full consideration of the sentencing criteria set forth in Article 894.1 and from receiving the consideration of the minimum sentence allowed by law for a conviction for [sic] attempt armed robbery.
We conclude that the reference to “at-' tempt armed robbery” is a typographical error, and that defendant meant instead “for possession of stolen property.” Presuming this is the situation, we find that under the circumstances of this case the assignment of error is without merit.
The maximum sentence defendant could have received was imprisonment at hard labor for 10 years or a fine of $3,000.00, or both. Defendant does not complain that his sentence is excessive, but only that the guidelines of 894.1 were not followed. In State v. Barge, 444 So.2d 735 (La.App. 5th Cir.1984) writs denied 446 So.2d 1229 (La.1984) this court has found:
One of the prime purposes of Art. 894.1 is for appellate courts to know the judge’s reasoning so that the propriety of the sentence can be evaluated. However, unless it is argued that the sentence was excessive, it matters little, for appellate purposes, whether the trial judge fully articulated the listed aggravating and mitigating circumstances.
Accordingly, since excessiveness of the sentence was not assigned as error, we find nothing further to consider in this case.
AFFIRMED.