498 So.2d 125 (1986)
STATE of Louisiana
v.
Dean WINGERTER.
No. 86-KA-295.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1986.
*126 Ralph L. Barnett, Gretna, for defendant-appellant.
John M. Mamoulides, Dist. Atty., Eric Honig, Dorothy A. Pendergast, Asst. Dist. Attys. (Louise Korns, of Counsel), Gretna, for plaintiff-appellee.
Before CHEHARDY, KLIEBERT and GRISBAUM, JJ.
KLIEBERT, Judge.
Dean Wingerter was charged by bill of information with simple burglary of an inhabited dwelling in violation of LSA-R.S. 14:62.2. Pursuant to a plea bargain, on September 23, 1985 the defendant entered a plea of guilty to the reduced charge of simple burglary (LSA-R.S. 14:62) and the district attorney dismissed another pending burglary charge. After conducting a Boykin colloquy, during which the defendant indicated he was fully aware of his rights and the consequences of the plea,[1] the trial judge accepted the defendant's plea and ordered a pre-sentence investigation. On December 4, 1985 the defendant was sentenced to six years at hard labor.
Defendant's original appeal under Docket No. 86-KA-175 was dismissed as untimely by a panel of this court. The district court subsequently granted defendant an out-of-time appeal and the record was *127 relodged under the present docket number. The defendant challenges the legality of his sentence, contending the trial judge failed to comply with the requirements of La.C. Cr.P. art. 894.1 and imposed an excessive sentence.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of cruel, excessive or unusual punishment. A sentence is excessive if it is grossly disproportionate to the severity of the crime so as to be nothing more than the purposeless and needless imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Barnes, 489 So.2d 402 (La.App. 5th Cir.1986). Sentences must be individualized by adaptation to the offenders as well as to the offenses. State v. Lathers, 414 So.2d 678 (La.1982). Thus, the imposition of a sentence within the prescribed statutory range may nonetheless violate a defendant's constitutional right against excessive punishment and hence is reviewable on appeal. State v. Smith, 433 So.2d 688 (La.1983); State v. Wimberly, 414 So.2d 666 (La.1982).
This is not to gainsay that the trial judge is given wide discretion in imposing a sentence within statutory limits, and the sentence should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Sepulvado, 367 So.2d 762 (La.1979). La.C.Cr.P. art. 894.1 provides an impartial set of guidelines within which this sentencing discretion may be exercised and concomitantly provides for a record detailed enough to allow reasoned review of allegedly excessive sentences. State v. Lanclos, 419 So.2d 475 (La.1982). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1, the record must reflect he adequately considered the guidelines in particularizing the sentence to the defendant. State v. Davis, 448 So.2d 645 (La.1984); State v. Rivers, 470 So.2d 351 (La.App. 5th Cir.1985).
When sentencing the defendant the trial judge noted only $190.00 worth of the approximately $10,000.00 worth of property taken during the burglary was recovered and that, although the defendant claimed the property was rightfully his mother's via her divorce from the victim, the defendant did not give the property to his mother, but rather, he sold it and kept the proceeds. The judge considered the defendant's extensive misdemeanor record which included crimes against the person as well as numerous traffic offenses.[2] The pre-sentence investigation report, which the judge included in the record,[3] details convictions of simple battery, resisting an officer, switched license plates, failure to yield, reckless operation and other minor traffic offenses.
The court inquired as to the defendant's age (20 years old) and, after a short recess, sentenced him to six years at hard labor, noting that (as a first felony offender) with good behavior defendant would be entitled to parole after serving one-third of the sentence.[4] In closing the judge characterized the defendant as violent and inconsiderate of the rights of others; i.e., generally a disruptive force in the community. Only a short time before sentencing the defendant was arrested on a charge of simple robbery.[5]
Although the trial judge did not apply each factor of art. 894.1 to the defendant, the facts and the record clearly provide an adequate factual basis for the sentence imposed. Six years is at the mid-point of the sentencing range for simple *128 burglary. Further, defendant received considerable benefit from the plea bargain in terms of reduced sentencing exposure and the dismissal of a pending charge and is in fact eligible for parole after serving only two years of the sentence.[6]
Applying these precepts to the evidence in this case, we find the sentence imposed is within reason. The function of this court is not merely to substitute its judgment for that of the trial court; but rather, to determine if the lower court abused its broad sentencing discretion. Upon review of the record we are convinced the defendant's sentence is not excessive.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) mandates that a defendant be informed of and waive his rights to trial by jury and to confront his accusers and his privileges against self-incrimination before a guilty plea may be accepted.
[2] Prior arrests and/or convictions may be considered in imposing sentence. State v. Williams, 412 So.2d 1327 (La.1982); State v. Barge, 444 So.2d 735 (La.App. 5th Cir.1984)
[3] La.C.Cr.P. art. 877(C) provides for including of the P.S.I. report in the record where a defendant seeks relief on the grounds of an excessive sentence.
[4] See LSA-R.S. 15:574.4. Eligibility for parole is an amelioratory factor which should be considered in gaging the heaviness of sentences. State v. Green, 418 So.2d 609 (La.1982).
[5] Subsequent arrests may be considered in selecting and imposing sentences. State v. Jenkins, 419 So.2d 463 (La.1982); State v. Sheppard, 466 So.2d 493 (La.App. 1st Cir.1985).
[6] The benefit received in a plea bargain is a factor to be considered in determining if a sentence imposed is excessive. State v. Griffin, 455 So.2d 681 (La.App. 2nd Cir.1984) writ denied 458 So.2d 128 (La. 1984); State v. Tedder, 471 So.2d 1176 (La.App. 3rd Cir.1985).