GAUDIN, Judge.
Jose Hernandez was sentenced to 10 and one-half years at hard labor following a plea of guilty to attempted manslaughter. Previously, Hernandez had been found guilty by a 12-person jury of attempted second degree murder but the conviction was reversed by the Supreme Court of Louisiana. See State v. Hernandez, 488 So.2d 972 (La.1986).
Rather than stand trial again charged with attempted second degree murder, Hernandez engaged in plea bargaining and pled to a reduced charge.
On appeal now, he argues (1) that his sentence was excessive and (2) that the sentencing district judge did not follow the LSA-C.Cr.P. art. 894.1 guidelines. We find no merit in these contentions and, discovering no error patent, we affirm Hernandez’s sentence.
Hernandez, 29 years of age, is a native of Puerto Rico and a first felony offender. After his jury conviction, the trial judge, in sentencing Hernandez to 20 years at hard labor on March 27, 1985, said:
“Mr. Hernandez does not have any previous record. He has never served in the military. And, in my opinion, he’s — the fact that he was convicted of attempted murder, means in my opinion that he’s a dangerous person to society. I think that if I sentence him too lightly, he would be encouraged to become involved again with another serious crime. If I sentence him too heavily, I think the Supreme Court would be prone to send it back to me and say its excessive for a first offender. So, I have, on the basis of this report that I have and the evidence that I heard before a jury, and the verdict of the jury, who was — the jury was cautioned not to convict Mr. Hernandez, unless they were satisfied beyond any reasonable doubt of his guilt. And second — attempted second degree murder, is a lesser and included offense of murder. So, therefore, this Court, at this time, will sentence Mr. Hernandez to serve at the Louisiana Department of Corrections at hard labor for a period of 20 years. And we’ll give him credit for time served. And he’s remanded for the execution of that sentence.”
The same trial judge, sentencing Hernandez on September 23, 1986 subsequent to the guilty plea, remarked that he had previously “... stated for the record some of the reasons for the ... last sentence.” The trial judge went on to say:
“Well, under the present plea arrangement that was agreed to by the district attorney, Mr. Hernandez pleaded guilty to attempted manslaughter and I think the, uh, the facts of this case indicate that he should be sentenced to maximum, which is ten years and one-half, at the Louisiana State Department of Corree- *193 tions to serve at hard labor, or until released by the, uh, the parole board or a pardon by a governor or commuted.”
Hernandez was initially convicted of shooting a man named Otto Rickli. The conviction was overturned by the Supreme Court because Hernandez was not allowed to fully explain the events leading up to Rickli’s being shot. See State v. Hernandez, supra, at pages 977 and 978.
In any event, Hernandez’s plea bargaining, which prevented a second trial, significantly diminished his jail-time exposure. See State v. Lanclos, 419 So.2d 475 (La. 1982), wherein the Supreme Court said:
"Defendant further argues that the trial court did not stay within the bounds of Article 894.1 in using the plea bargain agreement as a factor in imposing sentence. This contention is without merit. Article 894.1 is not an exclusive listing of factors to be considered in imposing a sentence. Any and all relevant factors can and should be taken into account by the trial court. The aim of Article 894.1 is to make the punishment fit the criminal as well as the crime. To meet that ideal, a trial judge must consider every circumstance surrounding the offense, including plea bargaining. To do otherwise would be to ignore clearly relevant information which has an important bearing on the true nature of the defendant’s conduct and the type of punishment most appropriate for that conduct. This court has upheld sentences which were based in part on the effects of a plea bargain. See State v. Stegall, 377 So.2d 103 (La. 1979) State v. Washington, [414 So.2d 313] supra. We find no error in the trial judge’s use of the plea bargain as a factor in determining the sentence to be imposed on this defendant.”
A sentence is constitutionally excessive if it is grossly out of proportion to the severity of the offense. Here, the victim was shot several times and is blind and paralyzed. The trial judge noted that, in his opinion, Hernandez was “a dangerous person” and that"... he would be encouraged to become involved again with another serious crime.”
Taken together, the trial judge’s statements and the two sentencing hearings arguably do not constitute a whole and satisfactory compliance with Art. 894.-1. However, if the record otherwise supports the sentence imposed, a remand for further attention to the sentencing guidelines is not required.
As a first felony offender, Hernandez will be entitled to parole after serving one-third of his sentence, according to LSA-R.S. 15:574.4. Eligibility for parole is an amelioratory factor to be considered in gauging the heaviness of a sentence. See State v. Green, 418 So.2d 609 (La.1982), and State v. Wingerter, 498 So.2d 125 (La. App. 5th Cir.1'986).
Taking into account (1) the severity of the offense Hernandez was charged with and the extent of the injuries inflicted on the victim, (2) the plea bargain which reduced the defendant’s jail vulnerability by one-half and (3) the opportunity for parole after three and a fraction years, we cannot say Hernandez’s 10 and one-half year sentence is excessive despite the trial judge’s informal adherence to Art. 894.1.
AFFIRMED.