KLIEBERT, Judge.
Defendant, Phillip L. Neal, was charged by bill of information on September 29, 1986 with distribution of Phencyclidine (PCP) in violation of La.R.S. 40:966. On April 6, 1987 defendant pled guilty to possession of PCP and a pre-sentence investigation was ordered. Defendant was sentenced to four years at hard labor and the trial court, along with the probation department, recommended he be placed in the intensive incarceration/intensive parole program (IMPACT) pursuant to R.S. 15:574.4. Defendant appeals, alleging his sentence is excessive because the trial court placed too much emphasis on C.Cr.P. Article 894.1(A) in sentencing and not enough weight on the mitigating factors pursuant to C.Cr.P. Article 894.1(B). We do not agree.
Defendant argues he should have been put on probation because he turned himself in; he has a family; has worked the same job for over nine years; has no prior record (defendant is classified as a first offender with two felony convictions);[1] has done exceptionally well under his current probation; has tested negative for drug use while on probation; and there is no reason to believe defendant would not continue to do well under probation supervision.
Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition of cruel, excessive or unusual punishment. A sentence is excessive if it is grossly disproportionate to the severity of the crime so as to be nothing more than the purposeless and needless imposition of pain and suffering. State v. Davis, 449 So.2d 452 (La.1984); State v. Wingerter, 498 So.2d 125 (La.App. 5th Cir.1986). The imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Gillen, 480 So.2d 1074 (La.App. 5th Cir.1985).
The trial court is given wide discretion in imposing sentence within statutory limits and the sentence should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Sepulvado, supra; State v. Wingerter, supra. La.C. Cr.P. Article 894.1 provides an impartial set of guidelines within which this sentencing discretion may be exercised and concomitantly provides for a record detailed enough to allow reasoned review of alleged excessive sentences. State v. Lanclos, 419 So.2d 475 (La.1982). The trial judge need not articulate every aggravating and mitigating circumstance outlined in C.Cr.P. Ar- *239 tide 894.1, but the record must reflect he adequately considered the guidelines in particularizing the sentence to defendant. State v. Davis, supra; State v. Wingerter, supra.
In sentencing defendant, the trial judge noted defendant was charged with distribution of POP and pled guilty to the lesser charge of possession of PCP. The court found with regard to Article 894.1 that there is an undue risk that during the period of suspended sentence or probation that defendant will commit another crime; also, defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; also, a lesser sentence would depreciate the seriousness of defendant’s crime.
The court also reviewed the ordered pre-sentence investigation report, found defendant was the type offender who could benefit from the intensive incarceration/intensive parole program (IMPACT) as per R.S. 15:574.4, and recommended him for the program.
The factors defendant contends the trial court overlooked in imposing sentence are factors which must be considered in determining a recommendation for IMPACT. Furthermore, although on the high side, we cannot say a sentence of four years at hard labor, considering the situation here, is excessive.
We have also reviewed the record for errors patent on its face and found none.
For the foregoing reasons, defendant’s sentence is affirmed.
AFFIRMED.

. Defendant is on probation for a conviction of distribution of PCP in Plaquemines Parish apparently resulting from the same facts and circumstances which led to the Jefferson Parish arrest.
Defendant has three arrests of charges of distribution or possession of PCP. On 5/20/86 the Jefferson Parish Sheriff’s office arrested defendant and charged him with distribution of PCP aná possession of PCP. On 5/21/86 the Plaque-mines Parish Sheriff’s office charged defendant with distribution of PCP. Defendant pleaded guilty to possession in Jefferson and was convicted of distribution in Plaquemines. On 10/14/86, defendant was arrested by the Department of Corrections in Chalmette, La. on a charge of distribution of PCP. The disposition of this charge is unknown.