GAUDIN, Judge.
The only assignment of error in this criminal appeal is that Donnell Carroll was given an excessive sentence in violation of LSA-Const. art. 1, Sec. 20. He was sentenced to four years at hard labor after entering a plea of guilty to simple burglary, LSA-R.S. 14:62, which carries a maximum sentence of 12 years with or without hard labor.
Carroll contends that he should have received probation or that he should have been imprisoned in Jefferson Parish for one year or less.
Appellant cites State v. Neal, 524 So.2d 237 (La.App. 5th Cir.1988) and State v. Tyler, 524 So.2d 239 (La.App. 5th Cir.1988). In both cases, however, imposed sentences were affirmed. Neal involved a four-year hard labor sentence for possession of PCP while the sentences in Tyler were nine years for two aggravated sexual battery counts and five years for indecent behavior with juveniles.
According to the presentence investigation report here, Carroll “... does have an extensive juvenile record in New Orleans, Louisiana. The subject was unable to successfully complete his juvenile probation supervision and was subsequently incarcerated for a period of one year in the Louisiana Training Institute on the charge of possession of marijuana.”
Nonetheless, because of his age and other factors, the report and later the sentencing judge recommended Carroll for participation in the IMPACT program under LSA-R.S. 15:574.5, which would require incarceration for not less than 90 nor more than 180 days.
Considering Carroll’s juvenile record and the recommendation that he be admitted to the IMPACT program, we cannot say the imposed sentence was unconstitutional.
AFFIRMED.