## STATE OF FLORIDA v BEDFORD
### Case No. 88-424CF10B
Seventeenth Judicial Circuit, Broward County
January 20, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.
**Charles Rich,** for defendant.

### OPINION OF THE COURT

MEL GROSSMAN, Circuit Judge.

On November 22, 1988, the defendant, Michael Bedford, was found guilty by a jury of his peers of the crimes of Murder in the First Degree and Kidnapping. He was then adjudicated guilty of those crimes.

On November 28, 1988, a separate advisory sentencing proceeding was conducted. After hearing evidence, arguments of the attorneys, instructions by the Court and after due deliberations the trial jury recommended that a life sentence be imposed against the defendant.

On January 5, 1989, a sentencing hearing was held, evidence presented and arguments of attorneys entertained.

This Court has now had the opportunity to consider the evidence presented at all three proceedings, the arguments of counsel, and the presentence investigation report. The Court, however, has specifically disregarded the portions of the presentence investigation report dealing with "victim impact" and "assessment and recommendation."

A. Pursuant to the provisions of Florida Statutes Section 921.141(3), this Court makes the following findings of fact in regard to the Defendant's conviction of Murder in the First Degree as charged in Count I of the Indictment.

## AGGRAVATING CIRCUMSTANCES

1.) The Court finds that the crime for which the defendant, Michael Bedford, is to be sentenced was especially heinous, atrocious or cruel.

When the defendant entered the back of the limousine which provided young Deborah Herdmann with what would be her last ride she was naked, her hands were bound with duct tape behind her back and her mouth and neck covered and bound with duct tape as well. The victim died as a result of having been strangled or choked to death by the defendant, Michael Bedford.

The law permits an inference that when one is strangled they know they are going to die and are placed in great pain and anguish. *Johnson v State,* 465 So.2d 499 (Fla. 1985). Indeed, murder by strangulation has consistently been found to be heinous, atrocious and cruel because of the nature of the suffering imposed and the victim's awareness of impending death. *Doyle v State,* 460 So.2d 353 (Fla. 1984).

In addition, the evidence at trial was that the victim verbalized her fear, asking whether she would be killed. *See, e.g. Melendez v State,* 498 So.2d 125 (Fla. 1986).

Furthermore, the evidence was that Ms. Herdmann was bound, gagged, and imprisoned in a small area within a constantly moving vehicle, with dark tinted windows, traveling some of the more remote and unpopulated areas of Broward County. The circumstances were such that there was no possibility of any escape, self-defense or summoning of assistance. The victim was, in truth, imprisoned in that vehicle, sharing the rear compartment with only the defendant and her fear.

2.) This homicide was committed in a cold, calculated and premeditated manner without any pretense of moral or legal justification. The evidence shows that the defendant, earlier on the day of the homicide, placed the duct tape that was ultimately used to bind and gag Ms. Herdmann under the seat of the codefendant's limousine. Bedford and

his codefendant had previously planned to use that vehicle in the manner above described.

In addition, there was evidence that Bedford and his codefendant had previously and unsuccessfully endeavored to arrange this encounter. Also, there was evidence of an agreement between Bedford and his codefendant that the codefendant would have time alone with the victim while Bedford waited at a nearby location, phoning from time to time to ascertain the correct moment for him to enter the rear of the limousine.

All these factors indicate a cold, calculated and premeditated plan.

3.) This homicide was committed while the defendant was engaged in the commission of a kidnapping.

## MITIGATING CIRCUMSTANCES

After due deliberation and consideration of all the evidence presented, the Court finds that there are no mitigating circumstances.

In summary the Court finds three (3) aggravating circumstances no mitigating ones.

"Where there are aggravating circumstances making death the appropriate penalty and the jury's recommendation is not based upon some valid mitigating factor (statutory or nonstatutory) discernible from the record, it is proper for the trial judge to overrule the jury's recommendation and impose a sentence of death." *Brown v State,* 473 So.2d 1260 (Fla. 1985).

In this case the Court finds that there are no valid mitigating factors, be they statutory or nonstatutory, that can in any way be discerned from the record. Accordingly, this Court cannot accept the jury's recommendation as being reasonable in this case.

This Court has reviewed the following: the evidence presented at trial, during the penalty phase proceeding, and at the sentencing hearing; the advisory sentence; and the presentence investigation report with the aforementioned exclusions. After careful deliberation this Court believes the appropriate sentence in this case is the imposition of the death penalty.

It is therefore the sentence of this Court that as to the charge of Murder in the First Degree that you, Michael Bedford, be sentenced to death for the murder of Deborah Herdmann.

It is further ordered that you, Michael Bedford, be confined by the Department of Corrections and be kept in close confinement until the

day of your execution and that on that day set for your execution you be put to death in a manner prescribed by law.

B. As to the conviction of kidnapping pursuant to Count II of the Indictment this Court finds that the defendant's conviction of First Degree Murder, a capital felony which cannot be scored as an additional offense under the guidelines serves, in this case, as a clear and convincing ground for departure. *Torres-Arbolodo v State,* 524 So.2d 403 (Fla. 1988).

It is the sentence of this Court that you, Michael Bedford, be sentenced to imprisonment with the Department of Corrections for the rest of your natural life, consecutive to the sentence imposed as to Count I.

C. You have thirty (30) days from this date within which to appeal the judgment and sentence of this Court. The judgment of conviction and sentence of death is subject to automatic review by the Florida Supreme Court. You are further advised that you have the right to assistance of counsel in the filing and preparation of your appeal. If you cannot afford your own attorney you should advise the Court and one will be appointed for you.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of January, 1989.