428 So.2d 1167 (1983)
STATE of Louisiana
v.
Tony E. BRYANT.
No. 82-KA-180.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
Kerry Hogan, William C. Credo, III, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Joseph L. Montgomery, Staff Appeals Counsel, Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, BOWES and GAUDIN, JJ.
GAUDIN, Judge.
Appellant is 20-year-old Tony E. Bryant, who was tried by a six-person jury and convicted of simple burglary. Jury vote was unanimous.
Bryant was sentenced to six (6) years at hard labor and on appeal he argues only that his term was excessive and in violation of Article I, Section 20 of the Constitution of the State of Louisiana. We do not agree.
The trial judge ordered a presentence investigation, and at the subsequent sentencing hearing said:
"... the Court finds that there is an undue risk that during a period of a suspended sentence or probation, the defendant will commit another crime. This is defendant's third felony offense. He currently is on probation for burglary and *1168 receiving stolen property. Receiving stolen property are two (2) counts, so in affect, this is his fourth conviction.
"The system has given the defendant opportunity to perform and go straight. He obviously doesn't want to take advantage of this opportunity.
"Here the defendant burglarized a home of almost Twelve Thousand (12,000) Dollars. Defendant keeps falling back into his old habits.
"Therefore, the Court considers the defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.
"The Court cannot consider a sentence of less than six (6) years at hard labor.
"He has an extensive arrest record and the three (3) felony convictions in the short time he's been an adult. He is a high school drop out, completing the tenth grade, and he has a very sketchy work record. The defendant has made no effort to help himself and he continues to expose himself to a life of crime."
Nonetheless, Bryant contends that his six-year sentence is disproportionate because the defendant in State v. Vaughn, 377 So.2d 87 (La.1979), received only five (5) years for aggravated burglary.
A one-case comparison, or even the comparison of several cases to Bryant's, cannot avail him or wash away his criminal record. Sentencing must be on an individual basis.
Also, the fact that Bryant had prior convictions and was on probation when he committed the instant burglary would justify, in our judgment, a longer sentence, even the statutorily allowed maximum of twelve (12) years.
Clearly, appellant's six-year sentence is not constitutionally inordinate, and we affirm its imposition.
AFFIRMED.