BOWES, Judge.
On February 1,1985, defendant-appellant Bernard Johnson was indicted for forcible rape, a violation of L.R.S. 14:42.1, by a Jefferson Parish Grand Jury. Thereafter, appellant was arraigned, pled not guilty, and pre-trial motions satisfied.
The defendant appeared for trial on May 1, 1985, at which time appellant withdrew his former plea of not guilty and tendered a plea of guilty to the reduced charge of sexual battery (L.R.S. 14:43.1). After explaining to the defendant his rights, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), Judge Robert J. Burns, the trial court judge, accepted Johnson’s plea and ordered a pre-sentence investigation report. On August 16, 1985, the defendant was sentenced to five and one-half years at hard labor.
From the above conviction and sentence, the defendant appeals, requesting this court to examine the record in this matter for errors patent on its face.
La.C.Cr.P. art. 920 provides: “[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review, the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975).
Where the conviction has been obtained by a plea of guilty, the issue of whether the defendant was properly “boy-kinized” also constitutes a proper inquiry in an “error patent” review. State v. Godejohn, 425 So.2d 750, 751 (La.1983); State v. Martinez, 472 So.2d 123 (La.App. 5th Cir. 1985). See also State v. Buckles, 468 So.2d 719 (La.App. 5th Cir.1985).
The transcript of the plea colloquy reflects that Judge Burns advised the defendant of his right (1) to a trial by jury; (2) to confront his accusers; and (3) to remain silent, as required by Boykin, supra. The defendant acknowledged that he understood his rights and expressed a desire to waive them. The “Waiver of Rights on Entry of a Plea of Guilty” form, which appears in the record, likewise indicates that the defendant was informed of and voluntarily waived the aforementioned rights.
The trial judge explained the elements of the crime of sexual battery to the defend *1300 ant and inquired into the merits of the charge. Bernard Johnson admitted that he attempted to have sexual relations with his twelve-year old niece and that in said attempt he fondled or touched her breasts and/or her vagina and/or her anus.
Thus having found a factual basis for the plea, the judge ordered a P.S.I. report and informed the defendant that no agreement was being made as to the length of the sentence which would be imposed. The defendant indicated that he understood the consequences of his plea and expressed to the court his willingness to enter his plea of guilty. We, therefore, find the defendant was properly “boykinized” and further examination of the record revealed no errors patent on its face.
Accordingly, the conviction and sentence of the appellant are affirmed.
AFFIRMED.