524 So.2d 239 (1988)
STATE of Louisiana
v.
Florida TYLER
No. 87-KA-711.
Court of Appeal of Louisiana, Fifth Circuit.
April 18, 1988.
*240 John M. Mamoulides, Dist. Atty., Eric Honig, Dorothy A. Pendergast, John J. Molaison, Jr., Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant-appellant.
Before CHEHARDY, KLIEBERT and GAUDIN, JJ.
KLIEBERT, Judge.
Defendant Florita Tyler was charged by grand jury indictment with two counts of aggravated oral sexual battery (R.S. 14:43.4), two counts of indecent behavior with a juvenile (R.S. 14:81), and two counts of enticing into prostitution (R.S. 14:86).[1] Tyler was initially adjudged incompetent to stand trial; after extended treatment at the Feliciana Forensic Facility she was adjudged competent. She thereafter pled guilty to the first four counts, and the other counts were dismissed. The trial court imposed concurrent sentences of nine years at hard labor on counts one and two and five years at hard labor on counts three and four. Tyler appealed as excessive the sentences imposed on counts one and two. We affirm the convictions and sentences.
In 1986 Tyler was "turning tricks" on Fourth Street in Marrero when she was approached by Frederick Lemieux, who represented himself as an undercover police officer. Lemieux was looking for a fifteen-year-old girl who was "not working the street." When he learned Tyler had a six-year-old daughter he offered her $100.00 to get her and threatened to arrest Tyler if she did not. Lemieux drove Tyler and her daughter to a motel on the east bank, and after performing oral sex on the child, gave Tyler $100.00. Two weeks later the scenario was repeated and Lemieux forced the child to perform oral sex on him. Lemieux gave Tyler $50.00 and "owed" her the rest. Tyler's boyfriend learned of the incidents and informed local police authorities. Tyler blamed the incidents on her cocaine habit, explaining she would do anything for a "fix".
Tyler contends her concurrent sentences of nine years at hard labor on the oral sexual battery charges are excessive. Article I, Section 20 of the Louisiana Constitution of 1974 provides in part: "No law shall subject any person ... to cruel, excessive or unusual punishment ..." A punishment is considered excessive if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Davis, 449 So.2d 452 (La.1984); State v. Wingerter, 498 So.2d 125 (La.App. 5th Cir.1986). The imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Gillen, 480 So.2d 1074 (La.App. 5th Cir.1985).
Sentences must be individualized to be compatible with the offenders as well as the offenses. State v. Robicheaux, 412 *241 So.2d 1313 (La.1982); State v. Bryant, 428 So.2d 1167 (La.App. 5th Cir.1983). La.C. Cr.P. Article 894.1 provides criteria to be weighed by the trial court when selecting and imposing a sentence, and these criteria are also a useful tool by which to measure whether a sentence within statutory limits is nevertheless excessive. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Cann, 471 So.2d 701 (La.1985). The trial court is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside in the absence of a manifest abuse of discretion, i.e., when the penalty imposed is so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Cann, supra.
The sentencing transcript reflects that the trial judge considered as mitigating factors the defendant's age (24), offender status (first felony offender), mental capacity (borderline retarded), drug addiction (cocaine), and social history (sexually abused by her father). The court also considered the fact Tyler was duped into believing Lemieux was an undercover police officer, and she cooperated fully with investigating officers after her arrest. Nevertheless, the court felt the sexual exploitation of a six-year-old child was so grave a crime as to far outweigh the mitigating factors and that an extended period of incarceration was warranted.
The legislature has determined that aggravated oral sexual battery presents a high potential of danger to society warranting punishment by imprisonment for up to twenty years. Defendant's nine year sentences are less than half the statutory maximum, and as a first felony offender defendant is eligible for parole after serving one-third of the sentences. LSA-R.S. 15:574.4. Eligibility for parole is an amelioratory factor to be considered when gauging a sentence. State v. Green, 418 So.2d 609 (La.1982). Moreover, the defendant received some benefit from the plea bargain in that two counts of enticing into prostitution, for which the maximum sentence was ten years at hard labor, were dismissed after her plea was entered.
Given the heinous nature of the crimes, the availability of parole, and the benefit received via a plea bargain, we do not find that the imposition of concurrent nine year sentences for repeated incidents of oral sexual battery of a six-year-old child "shocks our sense of justice" and constitutes a manifest abuse of the trial court's sentencing discretion. Accordingly, the sentences imposed are affirmed.
At defendant's request we have reviewed the record for errors patent on its face. We found none.
For the foregoing reasons, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] A co-defendant, Frederick Lemieux, was convicted by jury on the first four counts and was sentenced to concurrent sentences of thirty years and seven years at hard labor.