531 So.2d 539 (1988)
STATE of Louisiana
v.
Clansa STUDIVANT.
No. 88-KA-217.
Court of Appeal of Louisiana, Fifth Circuit.
August 29, 1988.
*540 John M. Mamoulides, Dist. Atty., Gaynell Williams, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
William H. Slaughter, III, New Orleans, for defendant-appellant.
Before KLIEBERT and WICKER, JJ., and RONALD P. LOUMIET, J. Pro Tem.
WICKER, Judge.
On April 2, 1987 the defendant, Clanse Studivant, was charged by bill of information with Distribution of Cocaine in violation of R.S. 40:967. On November 17, 1987 the defendant withdrew his plea of not guilty and entered a plea of guilty to possession of cocaine. He was sentenced on January 27, 1988 to serve three years at hard labor, and pay a fine of $2,500.00, plus court costs. Defendant now appeals and assigns the following errors:
1. That the sentence by the trial judge was excessive in violation of Article I, Section 20 of the Louisiana Constitution of 1974.
2. That the trial judge did not adequately consider the sentencing guidelines of Article 894.1 of the Louisiana Code of Criminal Procedure, and there is no factual basis for the sentence imposed of three years of hard labor and a $2,500.00 fine for a first offender for a simple possession of cocaine.
The defendant was originally charged with distribution of cocaine in violation of La.R.S. 40:967A(1). Punishment for such a violation is imprisonment for up to ten years and a possible fine of up to $15,000.00. The defendant pleaded guilty to possession of cocaine in violation of La.R.S. 40:967C. The maximum penalty for this violation is imprisonment, with or without hard labor, for not more than five years and a possible fine of up to $5,000.00. Thus, the defendant's sentencing exposure was significantly reduced by his guilty plea.
The courts are prohibited from imposing cruel, excessive, or unusual punishment by Article I, Section 20 of the Louisiana Constitution of 1974. Sentences which are "grossly out of proportion to the severity of the crime" or "nothing more than the purposeless and needless imposition of pain and suffering" are excessive. State v. Brogdon, 457 So.2d 616 at 625 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Gordon, 504 So.2d 1135 (La.App. 5th Cir.1987). Even sentences which are within statutory limits may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tyler, 524 So.2d 239 (La.App. 5th Cir. 1988). Sentences must be individualized to be compatible with the offenders as well as the offenses. State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Bryant, 428 So.2d 1167 (La.App. 5th Cir.1983); State v. Tyler, supra.
In sentencing a particular defendant the trial court must consider the guidelines articulated in La.C.Cr.P. art. 894.1.
The trial judge need not recite the entire checklist of article 894.1, but the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984).
Before sentencing the defendant in the instant case, the trial court heard testimony from Janet Wilson, the defendant's girlfriend, which corrected information in the pre-sentence investigation concerning the defendant's permanent address. The trial *541 court then proceeded[1] to sentence the defendant to serve three years at hard labor and pay a fine of twenty-five hundred dollars, plus court costs. The court found no mitigating circumstances. The court considered the defendant's previous record which consisted of convictions for possession of marijuana, and disturbing the peace. At sentencing, the court pointed out that "the appropriateness of imprisonment is outstanding" and that the original charge of distribution of cocaine was reduced to possession.
In addition to those reasons articulated at sentencing the trial judge filled in a pre-prepared "reasons for sentencing" form. Use of such a perfunctory checklist alone has been found insufficient for sentencing. State v. Fields, 394 So.2d 597 (La.1981); State v. Telsee, 425 So.2d 1251 (La.1983). However, in this case the checklist does not stand alone as evidence of the trial court's reasons for sentencing.
Furthermore, we have held that:
Even in the absence of adequate compliance it is not necessary for this court to remand the matter for resentencing when the sentence imposed is not apparently severe in relation to the particular offender or the actual offense committed. State v. Davis, 448 So.2d 645 (La. 1984). So long as the record clearly reflects an adequate factual basis for the sentence imposed, remand is unnecessary. State v. Barnes, 489 So.2d 402 (La.App. 5 Cir.1986) writ denied 494 So. 2d 1174.
State v. Lynch, 512 So.2d 1214, 1217 (La. App. 5th Cir.1987).
Defendant also suggests that his sentence is illegal since it carries extra jail time should he default in paying the fine. However, the sentence imposed does not provide for extra jail time in default of payment of the fine and costs. The sentence only provides that "Fine and cost to be paid within ninety (90) days after release."
Therefore, those Louisiana Supreme Court cases which have amended sentences so as to delete those portions imposing additional time in jail should the defendant default are inapposite. See State v. Grant, 490 So.2d 272 (La.1986) and the cases cited therein.
In State v. Vinson, 482 So.2d 48 (La. App. 5th Cir.1986) a defendant charged with possession with intent to distribute marijuana pled guilty to simple possession of marijuana. In affirming the defendant's sentence this court stated, "[a]lthough the sentence imposed was the maximum allowed for the crime to which the defendant pled guilty, by plea bargaining the defendant obtained a significant reduction in the sentence he could have received." Id. at 53.
The trial court has wide discretion in sentencing a defendant, and absent a manifest abuse of that discretion, a penalty which is within the statutory limits will not be set aside. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Gordon, supra; State v. Brown, 517 So.2d 359 (La.App. 5th Cir.1987).
There appears to be no such manifest abuse of discretion in this case. Consequently, these assignments are without merit.
ERROR PATENT DISCUSSION
La.C.Cr.P. art. 920 provides: "the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the *542 mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Gaines, 508 So.2d 1017 (La.App. 5th Cir. 1987).
In addition, where the defendant has entered a plea of guilty, the issue of whether the defendant was properly "Boykinized" should also be included in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Johnson, 488 So.2d 1298 (La.App. 5th Cir.1986).
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. The Court then announced its unwillingness to presume waiver of these rights from a silent record. Boykin was adopted by the Louisiana Supreme Court, State ex rel Jackson v. Henderson, 255 So.2d 85 (La.1971), and held to apply all pleas of guilty subsequent to December 8, 1971. State ex rel LeBlanc v. Henderson, 259 So.2d 557 (La.1972).
The colloquy of the defendant's guilty plea in this case indicates that the trial court advised the defendant of the maximum sentence that he could receive, his waiver of trial by jury, his waiver of his right to appeal and his waiver of his right to confront and cross-examine his witnesses. In addition, the trial court advised the defendant that he was waiving his right to assert pre-trial defects, his right against self-incrimination, his right to call and compel the testimony of witnesses, and his right to produce an affirmative defense. The defense counsel explained each of the aforementioned rights and in each case the defendant responded that he understood. In addition, the defendant stated that his plea was not entered involuntarily, that he had not been forced, coerced or intimidated. The record contains a signed waiver of rights form and plea of guilty.
No errors patent were found in the review of the record.
Accordingly, for the reasons stated the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Although defense counsel suggests in brief that he wished to make additional comments about matters in the pre-sentence report before sentencing, the record does not reflect his intention to do so. In addition, defense counsel stated for the record that "the rest of the presentence report is accurate, Judge ..."