KLIEBERT, Judge.
On January 12,1983 the defendant, Frederick J. Bailey, Jr., (“defendant”) was charged by bill of information with theft of $6,679.56 worth of building materials in violation of LSA-R.S. 14:67 to which he pled not guilty. The defendant waived his right to a jury at the outset of trial on December 12, 1983 and the matter proceeded before a trial judge who found him guilty as charged. On November 21, 1986 defendant was sentenced to serve six years at hard labor, to run concurrently with a sentence the defendant was then serving in Orleans Parish. The trial court granted an out-of-time appeal on November 4, 1988 wherein defendant assigned the following errors:
1. The evidence presented by the State was not sufficient to justify the verdict.
2. The sentence by the trial judge was excessive.
3. Any and all errors patent on the face of the record.
FACTS
On August 26, 1982, an individual identifying himself as “Mike Lambert” telephoned West Building Material Center (“West”) and placed an order for a large amount of building materials. After numerous telephone conversations with West employees, “Mike Lambert” was given the cost of the ordered materials, i.e., $6,679.56. He was told this amount was to be paid when the materials were delivered at a site on Williams Boulevard.
On the morning of August 27, 1982, Ricky Bundy (“Bundy”) and another deliveryman employed by West drove two trucks loaded with the ordered materials to the delivery site. They arrived at the site about 10:00 A.M. but no one was there to accept delivery; they were instructed to remain at the site and did so until 5:30 P.M. According to Edward Knight, West’s store manager, “Lambert” called West several times that day to say he was behind schedule and he later requested and it was agreed that the delivery be rescheduled for the following morning, Saturday, August 28th.
The next morning, Bundy and his supervisor drove the delivery trucks loaded with building materials to the Williams Boulevard site and again no one was there to *416 accept delivery. As Bundy and his supervisor were preparing to leave, defendant drove up behind them in a truck and identified himself as the “man to get the lumber.” Defendant then handed Bundy’s supervisor an envelope with a check inside to pay for the ordered materials. (Counsel for defense and prosecution stipulated at trial that defendant was, in fact, the individual who gave the check to the West supervisor at the delivery site on Saturday, August 28th). The check was made payable to “West Bid. Supply” in the amount of $6,679.56 and it bore the signature of a “Michael Lambert.” The check had “Cashiers Check” handwritten across its face and appeared to be drawn on an account in the name of “Lambert Bros.” The original account number had been altered with a sticker. The West supervisor requested identification information whereupon defendant produced a temporary driving permit (his permanent license was suspended at that time) and gave the supervisor two telephone numbers and an address. Once this information was written onto the check, the supervisor called West and got the check approved. The check information could not be verified, however, in accordance with West’s usual procedures, since it was Saturday and the banks were closed. Thereafter, the building material was off-loaded from West’s trucks and defendant signed “Michael Lambert” on the invoice copy acknowledging receipt of the materials.
The West employees went back to the store and brought the check to the store manager who became suspicious when he saw it. The store manager returned later that evening to the Williams Blvd. delivery site, but no one was there and the building materials delivered earlier were gone. After the cheek was deposited, the bank notified West that the account reflected on the check did not exist and returned the check stamped “Endorsement Cancelled.” West reported the matter to the Jefferson Parish Sheriff’s Office.
Earl Claunch, an officer assigned to investigate the case, testified that the check presented by defendant was actually drawn on an account opened in the name of Resources Review, Inc., which account had been closed for some time; further, “Michael Lambert” was not authorized to sign on that account. It was also discovered that the temporary driving permit number provided by defendant was non-existent and the telephone numbers were for pay phones. Additionally, the owner of the Williams Blvd. property, where the building materials were delivered, confirmed that he had ordered nothing.
At trial, defendant testified that on Friday, August 27th, he had met with a man named “Mike Lambert” who hired him to do some construction work. During the course of that meeting “Mike Lambert” gave defendant the envelope containing the fraudulent check and instructed him to present the check to the West deliverymen upon receipt of certain building materials which were to be delivered to the Williams Boulevard address. Defendant further testified that the following week he attempted, but was unable, to locate “Mike Lambert.”
ASSIGNMENTS OF ERROR
1. THE EVIDENCE PRESENTED BY THE STATE WAS NOT SUFFICIENT TO JUSTIFY THE VERDICT
In evaluating the sufficiency of evidence, the due process standards announced in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), require that the reviewing court, after viewing the evidence in the light most favorable to the prosecution, determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State v. Mussall, 523 So.2d 1305 (La.1988); State v. DiLosa, 529 So.2d 14 (5th Cir.1988).
The crime of theft is defined by LSA-R.S. 14:67 as follows:
“Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent *417 to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.”
The evidence adduced at trial in this matter was sufficient to convict defendant of theft. The evidence established that a fraudulent check, drawn on a non-existent account, was presented as payment for $6,679.56 worth of building materials delivered to the Williams Boulevard site. The parties stipulated that defendant was the individual who presented the fraudulent check to the West supervisor at the delivery site. Defendant provided the supervisor with erroneous identification information, consisting of a driving permit with a non-existent number and telephone numbers for two pay phones. Defendant himself accepted delivery of the materials and acknowledged receipt of the goods by signing as “Michael Lambert” on the West invoice. The building materials were removed from the Williams Boulevard site within a few hours of their delivery and were never recovered. Under these circumstances, a rational trier of fact could have found beyond a reasonable doubt that defendant was the perpetrator of this theft.
To the extent that the defendant’s testimony conflicts with the testimony of others, the credibility of the witnesses is within the sound discretion of the trier of fact— in this case, the trial judge, and factual determinations of the trial court will not be disturbed on review unless clearly contrary to the evidence. State v. Richardson, 425 So.2d 1228 (La.1983); State v. Butler, 450 So.2d 764 (5th Cir.1984). Based on the foregoing this assignment of error lacks merit.
2. THE SENTENCE BY THE TRIAL JUDGE WAS EXCESSIVE
Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. The Louisiana Supreme Court has held that the imposition of a sentence may violate a defendant’s constitutional right against excessive punishment, although the sentence is within the statutory limit. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tyler, 524 So.2d 239 (5th Cir.1988); State v. Studivant, 531 So.2d 539 (5th Cir.1988). Sentences must be individualized to be compatible with the offenders as well as the offenses. State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Tyler, supra; State v. Studivant, supra. A sentence is considered unconstitutionally excessive if it is grossly disproportionate to the severity of the crime committed, in light of the harm caused to society. State v. Sweeney, supra; State v. Bonnano, 384 So.2d 355 (La.1980).
Given compliance with La.C.Cr.P. Article 894.1 and absent a sentence that shocks the reviewing court’s sense of justice, a sentence will be set aside as unconstitutionally excessive only if there is manifest abuse of the trial judge’s wide sentencing discretion. State v. Sweeney, supra; State v. Calamia, 490 So.2d 428 (5th Cir. 1986).
In sentencing defendants, a trial court must consider the guidelines articulated in La.C.Cr.P. Article 894.1. State v. Studivant, supra. While the trial judge does not have to recite the checklist of article 894.1, the record must reflect that he adequately considered the guidelines therein. State v. Davis, 448 So.2d 645 (La. 1984); State v. Studivant, supra.
La.C.Cr.P. Article 894.1 provides a framework by which to evaluate whether a sentence is excessive, although it is within the statutory limits. State v. Sepulvado, supra. Under that article, a trial court sentencing an offender should consider the seriousness of the crime, the facts surrounding the offense, the offender’s personal background and prior criminal record, the likelihood that the offender will commit another crime, and the offender’s rehabilitation potential. To ensure that the sentence imposed on an offender is tailored to the particular offense, the trial court is required to adequately specify the aggravating and mitigating circumstances considered in imposing sentence. However, the trial judge need not articulate every aggravating and mitigating factor he con *418 sidered as long as the record reflects that the trial judge sufficiently contemplated the guidelines of La.C.Cr.P. Article 894.1 in imposing the particular sentence. State v. Trahan, 412 So.2d 1294 (La.1982); State v. Accardo, 466 So.2d 549 (5th Cir.1985), writ denied, 468 So.2d 1204 (La.1985).
In this case, the pertinent sentencing provisions of LSA-R.S. 14:67 provides:
“Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.”
The trial judge sentenced defendant to serve six years at hard labor, to run concurrently with a sentence the defendant was already serving in Orleans Parish.[1] At the sentencing hearing, the trial judge specifically referred to La.C.Cr.P. Article 894.1 and stated the factors he considered in determining the appropriate sentence. The court concluded that there was an undue risk the defendant would commit another crime if he was placed on probation or if incarceration was suspended. In reaching this conclusion, the trial judge pointed to defendant’s long-standing history of criminal activity and told the defendant:
“You have proven to the Court that warnings are not sufficient, convictions are not sufficient, you have been on probation before, that has not worked. So, you have certainly satisfied the Court if you are let out, you will continue to do it.
The Court believes you are in need of correctional treatment, or custodial environment, and can be provided most effectively by incarceration.”
The trial judge pointed out further that the theft committed by the defendant resulted in a serious financial loss to the victim. The defendant did not compensate the victim for the loss, nor did it appear likely to the trial judge that the defendant would ever pay compensation to the victim. The trial judge articulated the specific factors underlying his decision to impose a sentence involving incarceration. The six year term of the sentence is less than the maximum term which could have been imposed. Moreover, the sentence imposed runs concurrently with a sentence the defendant is already serving in Orleans Parish. After articulating the foregoing factors, the trial judge imposed the sentence in compliance with the requirements set out in La.C.Cr.P. Article 894.1.
The trial court has wide discretion in sentencing a defendant,, and absent a manifest abuse of that discretion, a penalty which is within the statutory limits will not be set aside. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Gordon, 504 So.2d 1135 (5th Cir.1987); State v. Studivant, supra.
The defendant’s sentence is within the statutory limits and does not appear to be excessive and, consequently, this assignment of error is without merit.
3. ANY AND ALL ERRORS PATENT ON THE FACE OF THE RECORD
La.C.Cr.P. Article 920 provides: “The following matters and no others shall be considered on appeal: 1) An error designated in the assignments of error; and 2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review, the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975); State v. McGee, 527 So.2d 486 (5th Cir.1988); State v. Studivant, supra.
*419 An error patent review of the record in this case indicates that the defendant was not given credit for time served prior to sentencing. The sentencing transcript, the minute entry for the sentencing, and the commitment do not reflect any credit being given to the defendant for time he actually served in advance of his sentencing. La.C.Cr.P. Article 880 requires that defendant be given credit for time served.
For the foregoing reasons, defendant’s conviction and sentence are affirmed. The case is remanded and the trial court is ordered to amend the commitment and the minute entry of the sentencing to reflect that defendant is to be given credit for time spent in actual custody prior to the imposition of sentence.
AFFIRMED AND REMANDED WITH ORDER.

. The sentence imposed did not give the defendant credit for time served prior to sentencing. This issue is discussed in the third assignment of error.