DUFRESNE, Judge.
The defendant, Mario R. Sosa, was charged by bill of information with distribution of a controlled dangerous substance, to-wit: Lysergic Acid Diethylamide, in violation of LSA-R.S. 40:966. Pursuant to a plea bargain the defendant pled guilty to the lesser offense of possession of L.S.D. in violation of LSA-R.S. 40:966. On April 27, 1988, the defendant was sentenced to five years at hard labor. The defendant appealed the sentence urging that the trial judge erred in imposing a sentence which is excessive and that the trial judge failed to utilize the sentencing guidelines of LSA-C. Cr.P. art. 894.1. In State v. Sosa, 537 So.2d 873 (La.App. 5th Cir.1989) the court vacated defendant’s sentence and remanded the case with instructions for the trial court to properly consider the sentencing guidelines provided by LSA-C.Cr.P. art. 894.1 and for the trial court to consider whether it intended to recommend the defendant to the Intensive Incarceration/Intensive Parole Program (IMPACT).
On June 21, 1989, the defendant was re-sentenced to serve five years at hard labor. The trial court recommended IMPACT. The defendant is now appealing his sentence and urges that the trial court has failed to comply with La.C.Cr.P. art. 894.1 and in imposing an unconstitutionally excessive sentence.
The trial court re-sentenced the defendant to five years at hard labor and recommended the Intensive Incarceration/Intensive Parole Program (IMPACT). The court noted that the defendant plea bargained with the state in order to reduce the charge of distribution of L.S.D. The court stated that the defendant gave ten dosage units to his girl friend who in turn sold them to an undercover agent. Based upon those facts the court concluded that the defendant was acting as a drug dealer. The court then indicated that the state was lenient enough to substantially reduce the charge and to permit the defendant to plead to a possession charge although the facts supported the elements of a distribution charge.
The record reflects that the trial court considered sufficiently the guidelines of LSA-C.Cr.P. art. 894.1 in imposing this particular sentence. The court found two of the aggravating circumstances present after concluding that the defendant was acting as a drug dealer who was distributing a very harmful drug. The court considered the mitigating factors disclosed in the pre-sentence investigation report; subsequently, the court sentenced the defendant to five years at hard labor and recommended IMPACT. The sentence was individualized to the defendant.
The defendant’s sentence in this case is not excessive. The defendant was originally charged with distribution of L.S.D. The maximum sentence for distribution of L.S.D. is thirty years while the maximum sentence for possession of L.S.D. is ten years. LSA-R.S. 40:966B(2) and 40:966C(3). Consequently, by pleading guilty to possession of L.S.D., the defendant reduced his sentencing exposure by two-thirds. Plea bargaining is a factor which may be considered in determining the excessiveness of a defendant’s sentence. State v. Lanclos, 419 So.2d 475 (La.1982).
The defendant received a five year sentence and was recommended for IMPACT after pleading guilty to possession of L.S.D. By entering into a plea bargain the *982 defendant gained a substantial reduction in his potential sentence and even that shortened sentence may be subject to further reduction through parole or through placement in the IMPACT Program. The five year sentence is not grossly out of proportion to the severity of the crime nor is it a needless infliction of pain and suffering. Considering those factors along with the wide discretion afforded the trial judge in sentencing a defendant, the five year sentence for possession of L.S.D. is not excessive.
These assignments are without merit.
Accordingly, we affirm the defendant’s sentence.
AFFIRMED.