646 So.2d 1183 (1994)
STATE of Louisiana
v.
Andrew BOROS.
Nos. 94-KA-453, 94-KA-454.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 1994.
*1184 John M. Mamoulidas, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Robert S. Toale, Gretna, for defendant-appellant.
Before GAUDIN, DUFRESNE, JJ., and JOHN C. BOUTALL, Judge Ad Hoc.
DUFRESNE, Judge.
These companion appeals arise out of related criminal proceedings in the district court against defendant, Andrew Boros. On January 6, 1993, the Jefferson Parish District Attorney charged defendant with forcible rape, LSA-R.S. 14:42.1, in district court case number 93-68. (Record No. 94-KA-453). On the same day the district attorney entered a separate three-count bill of information against defendant in district court case number 93-69. (Record No. 94-KA-954). Count one of the second bill alleged indecent behavior with a juvenile under LSA-R.S. 14:81. Counts two and three alleged molestation of a juvenile under LSA-R.S. 14:81.2.
Defendant was arraigned on both bills and pled not guilty to all charges. Pursuant to a plea agreement, the state nolle prossed counts one and three in case number 93-69. The state also reduced the forcible rape charge in case number 93-68 to molestation of a juvenile, LSA-R.S. 14:81.2. On the same day defendant withdrew his plea of not guilty and entered guilty pleas to two counts of molestation of a juvenile. The guilty pleas encompassed count two in case number 93-69 and the single reduced charge in case no. 93-68.
*1185 Defendant was sentenced to seven years at hard labor on each count, to be served consecutively. The court also ordered that defendant receive treatment for "sexual deviance" while incarcerated. Defendant was given credit for time served.
On December 28, 1993, defendant filed a Motion to Reconsider Sentence in each of the two cases. On February 24, 1994, defendant filed in each case an Amended and Supplemental Motion to Reconsider Sentence. Defendant also filed a Motion to Withdraw Guilty Plea in each case on February 24, 1994. The court heard these motions on April 8, 1994 and denied all of the defendant's motions.
Defendant filed a timely Motion for Appeal in each case.

FACTS
The only available account of the facts leading to defendant's prosecution is contained in the presentence investigation report, made part of the record herein.
On October 20, 1992, a minor, N.R., reported to police that defendant had sexually molested her repeatedly over the preceding year. The incidents progressed from inappropriate touching to, eventually, sexual intercourse. She did not report these incidents immediately because defendant threatened that if his behavior was discovered she would never see her family again.
Another minor, B.C., defendant's other alleged victim, was a friend of defendant's daughter. She reported that on October 14, 1992, she was at defendant's residence when he lifted the skirt she was wearing to look under it. He also straddled her legs as she lay on her stomach and began kissing and licking her back and buttocks.

ASSIGNMENT OF ERROR NUMBER ONE
This honorable court should reverse appellant's conviction because the plea of guilty was not voluntarily, freely, knowingly, and intelligently made, and appellant was allowed to plead guilty to crimes for which he was not charged.

DISCUSSION
Defendant here complains that his guilty plea was not knowingly and voluntarily made because the bills of information in the instant case did not specify what section of the child molestation statute he was charged with violating. Defendant further argues that the trial judge failed to inform him as to what section of the statute he was accused of violating.
To be valid, a guilty plea must be made knowingly and voluntarily, and must not be a product of coercion, intimidation or force. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Due process requires, and the record must show, that the plea was made after a knowing waiver of the right to trial by jury, the right to confront one's accusers and the privilege against self-incrimination. Boykin v. Alabama, 395 U.S. at 240-42, 89 S.Ct. at 1711; State v. Galliano, 396 So.2d 1288, 1290 (La.1981); State v. Lewis, 601 So.2d 379, 380 (La.App. 5th Cir.1992). Additionally, a guilty plea cannot be considered voluntary in the sense that it constitutes an intelligent admission that he committed the offense unless the defendant receives real notice of the true nature of the charges against him. Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); State ex rel Halvorsen v. Blackburn, 388 So.2d 806 (La. 1980). This does not mean that the trial court must specifically inform defendant of every element of the offense charged. Rather, the defendant must establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. State v. Bowick, 403 So.2d 673 (La.1981); State v. Barrio, 608 So.2d 641 (La.App. 5th Cir.1992).
LSA-R.S. 14:81.2, which proscribes molestation of a juvenile, provides in pertinent part:
A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual *1186 desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.
B. Whoever commits the crime of molestation of a juvenile shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than ten years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
C. Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893.
Paragraph A of the statute describes the prohibited conduct and paragraphs B and C delineate the penalties for violation. The sentencing range is determined by whether or not it is alleged that the offender was in a position of control or supervision over the victim.
Both of the bills of information herein allege a violation of LSA-R.S. 14:81.2. Defendant argues that because the bills do not specify whether defendant was charged under paragraph B or paragraph C of the statute, he was not properly put on notice as to what crimes were charged.
The amended bill of information in case number 93-69 specifically sets forth R.S. 14:81.2 as the statute charged and states that defendant had "a position of control or supervision over the minor, B.C." This information was clearly enough to put defendant on notice that he was charged under paragraph C of the statute. The bill of information in case number 93-68, amended to reduce the single count from forcible rape to molestation of a juvenile, also cites R.S. 14:81.2 as the statute charged. Although this bill does not allege that defendant had a position of control or supervision over the juvenile, the record shows that defendant was informed by defense counsel and the court as to the nature of the offense to which he was charged.
During the Boykin colloquy, the trial judge advised defendant of the general elements of LSA-R.S. 14:81.2 and stated that the maximum sentence she could impose was fifteen years at hard labor on each count the maximum penalty under paragraph C. Furthermore, the waiver of rights form, signed by the defendant, his attorneys and the judge, states "you are pleading guilty to the crime of molestation of a juvenile (LA. R.S. 14:81.2(c) (2 counts)." The waiver form also states that the maximum sentence possible on each count is fifteen years.
Defendant stated on the record that his attorney had explained to him his rights to trial by jury, to confront his accusers and against self-incrimination and that he understood that by pleading guilty he was giving up those rights. When the judge asked defense counsel whether he was satisfied that defendant was knowingly, willingly and voluntarily entering his pleas of guilty, counsel responded "I am your Honor. We have conducted extensive discussions with him. Both Ms. Jackson and I have gone over the entire matter thoroughly." It is further noted in the court's minute entries that defendant was advised of all of his rights and indicated that he understood them. It appears from the foregoing that defendant entered his guilty pleas intelligently and voluntarily with full knowledge of his rights and of the crimes with which he was charged.
Defendant further complains by this assignment that the trial court ordered him upon his release from prison to register with the sheriff of his parish of residence as a sex offender pursuant to LSA-R.S. 15:542. Defendant contends that this requirement was not part of his plea agreement and he had no notice of it prior to entering his guilty plea.
LSA-R.S. 15:543(A) provides:

*1187 A. The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant.
Defendant is correct in his contention that neither the waiver of rights form nor the guilty plea transcript show that he received proper notice under R.S. 15:543 prior to entering his guilty plea. Defendant does not, however, state how the court's oversight affected the voluntariness of his guilty plea.
Registration under R.S. 15:542 is not part of the sentence, but is a statutory requirement for all convicted sex offenders in Louisiana. It is not negotiable and thus could not have been made part of defendant's plea bargain. Although defendant complains that he did not know about the registration requirement prior to entering his guilty pleas, he does not state that he would have acted differently if he had been informed.
Based on the foregoing, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
Appellant's sentence should be reversed because the sentence is excessive, and the trial court failed to consider mitigating factors in imposing sentence and failed to give reasons for the sentence.

DISCUSSION
Defendant here argues that the trial court erred in imposing excessive sentences and did not follow the Louisiana Sentencing Guidelines (hereinafter referred to as "Guidelines"). Defendant previously made this argument in his Amended and Supplemental Motion to Reconsider Sentence
La.C.Cr.P. art. 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." In defendant's case, however, no specific sentence was agreed upon pursuant to the plea bargain. Rather, the court set a cap limiting the defendant's sentencing exposure to ten years on each count. This Court has held that a Court of Appeal is authorized to review an excessive sentence claim under circumstances where the judge has agreed to a sentencing cap in a plea bargain rather than a specific sentence. State v. Murphy, 600 So.2d 769 (La.App. 5th Cir.1992). See also State v. Smack, 425 So.2d 737 (La.1983).
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S.C. Const. Amend. VIII; La. Const. Art. I, Sec. 20. A sentence is generally considered unconstitutionally excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992), on subsequent appeal, 621 So.2d 103 (La.1993); State v. Munoz, 575 So.2d 848 (La.App. 5th Cir. 1991), writ denied, 577 So.2d 1009 (La.1991).
In reviewing a sentence for excessiveness, the Court of Appeal must consider the punishment and crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Jackson, 597 So.2d 1188 (La.App. 5th Cir.1992). Even a sentence within the prescribed statutory limit may be found to violate defendant's constitutional right against excessive punishment if it is grossly disproportionate to the severity of the offense. State v. Riche, 608 So.2d 639 (La.App. 5th Cir.1992), writ denied, 613 So.2d 972 (La.1993).
Under the Guidelines, defendant's first offender status and the category of crime of which he was convicted resulted in a sentencing range of 24 to 48 months (2-4 years) for concurrent sentences and 36 to 60 months (3-5 years) if the sentences were consecutive. The trial court sentenced defendant to seven years on each count, a term above the suggested range, but still well within the statutory range.
La.C.Cr.P. art. 894.1 requires that the trial judge in any felony case consider the Guidelines, although the judge need not impose a sentence in conformity therewith. The article also requires that the court *1188 state for the record the factors taken into account in imposing sentence, including any aggravating or mitigating circumstances. Factors that should be considered in imposing sentence include the seriousness of the crime, the facts surrounding the offense, the offender's personal background and prior criminal record, likelihood that the offender will commit another crime and the offender's rehabilitation potential. State v. Bailey, 549 So.2d 414 (La.App. 5th Cir.1989). This Court has held that the trial judge need not state for the record consideration of each aggravating or mitigating circumstance enumerated in the Guidelines. The record, however, must reflect that the judge did consider the Guidelines in formulating the defendant's sentence. State v. Williams, 591 So.2d 1252 (La.App. 5th Cir.1991); State v. Bailey, supra.
In its recent decision in State v. Smith, 639 So.2d 237 (La.1994), the Louisiana Supreme Court considered the extent to which the Guidelines are mandatory. The Smith Court held that:
The only mandatory aspects of the statutory scheme are contained in the La.C.Cr.P. art. 894.1, which requires the trial judge to consider the Guidelines, and to state for the record the considerations taken into account and the factual basis for the sentence imposed. The requirements of La. C.Cr.P. art. 894.1 attach whether the trial judge chooses to adhere to or instead deviate from the sentence recommended by the Guidelines.
Furthermore, because the Guidelines are not mandatory, whether the judge adheres to the requirements of La.C.Cr.P. art. 894.1, and imposes a sentence within the statutory range, an appellate court is limited to a traditional review of the sentence for constitutional excessiveness, regardless of whether the trial court imposed sentence pursuant to the Guidelines or outside of the range called for by the Guidelines.
State v. Smith, 639 So.2d at 242.
The trial judge appears to have substantially complied with the requirements in Article 894.1 and State v. Smith in imposing sentence. Before sentencing defendant, the judge stated: "Prior to imposing sentence in this case, it's necessary that I state for the record the considerations taken into account and the factual basis for the sentence." The judge then went on to discuss the defendant's personal history as outlined in the Pre-Sentence Investigation Report. The judge noted the defendant was a first time offender. She also reviewed the factual basis for each charge and the ages of the victims. The judge stated finally that "[i]t appears likely that the defendant would commit the same offense given the opportunity to do so. It is the opinion of this Court that incarceration and treatment for sexual deviance are required. A lesser sentence would deprecate the seriousness of the crime." The judge did not state whether she had taken into account the sentencing ranges derived from the Guidelines or why she chose to disregard them. She did, however, cover most of the factors enumerated in the Guidelines.
As noted above, the sentences imposed by the trial courtwhile greater than those suggested by the Guidelinesare well within the statutory range. They are also well below the sentencing cap set by the court pursuant to the plea bargain. Both the Louisiana Supreme Court and this Court have held that a plea bargain should be considered as a factor in determining whether the sentence imposed in accordance therewith is excessive. State v. Smack, supra at 740; State v. Sosa, 559 So.2d 980 (La.App. 5th Cir.1990). Defendant was originally charged with four felony counts, including forcible rape. The rape charge alone carries a maximum sentence of forty years. LSA-R.S. 14:42.1. Under the plea agreement, the rape charge was reduced to the lesser charge of molestation of a juvenile. The three-count bill of information was reduced to one count. Under the agreed upon sentencing cap, the defendant's exposure was limited to ten years on each of the two remaining charges.
The defendant's sentences do not appear to be grossly out of proportion to the severity of the crime nor do they seem to constitute needless infliction of pain and suffering. Considering the foregoing factors, along with the wide discretion afforded the trial judge in sentencing a defendant, the two seven-year sentences are not constitutionally excessive.
*1189 Defendant urges that the trial judge erred in making his sentences consecutive. La.C.Cr.P. art. 883 provides:
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
In defendant's case, the bills of information allege offenses that occurred on different dates, at different locations and to two different juveniles. In cases such as defendant's, consecutive sentences are indicated under Article 883.
We have further reviewed the record for any errors patent and we find none.
Accordingly, the sentence of the defendant is affirmed.
AFFIRMED.