JOHNSON, J.,
concurs with reasons.
hi, respectfully, disagree with the majority’s discussion of whether termination of K.B.’s parental rights was proper when no reasonable efforts were made by DCFS to remove the impediments to reunify M.B. with K.B. for the following reasons.
In her second assignment of error, K.B. alleges the termination of her parental rights was improper because DCFS failed to make reasonable efforts to remove the impediments to reunification by offering social services to facilitate reuniting the family unit. K.B. argues her parental rights were terminated pursuant to La. Ch.C. art. 1015(5), thus requiring the State to reasonably assist her in coordinating social services. As a result of DCFS’s failure to assist her in finding suitable housing and counseling, K.B. contends the trial court terminated her parental rights prematurely.
*1245 The trial court rendered its judgment in open court on March 26, 2012 and signed the written judgment on April 2, 2012. In its judgment, the trial court totally and irrevocably terminated and dissolved K.B.’s parental rights to M.B. pursuant to La. Ch.C. arts. 1015(3)(i), 1015(3)(j), 1015(5) and 1037.[15] Additionally, the trial court declared M.B. free and eligible for adoption.
La. Ch.C. art. 672.1 provides, in pertinent part,
A. At any time in a child in need of care proceeding when a child is in the custody of the department, the department |¡>may file a motion for a judicial determination that efforts to reunify the parent and child are not required.
B. The department shall have the burden of demonstrating by clear and convincing evidence that reunification efforts are not required, considering the health and safety of the child and the child’s need for permanency.
C. Efforts to reunify the parent and child are not required if a court of competent jurisdiction has determined that:
(1) The parent has subjected the child to egregious conduct or conditions, including but not limited to any of the grounds for certification for adoption pursuant to Article 1015.
(Emphasis added).
In conjunction with La. Ch.C. art. 672.1(C), La. Ch.C. art. 1015 states, in pertinent part,
The grounds for termination of parental rights are:
[[Image here]]
(3) Misconduct of the parent toward this child or any other child of the parent or any other child which constitutes extreme abuse, cruel and inhuman treatment, or grossly negligent behavior below a reasonable standard of human decency, including but not limited to the conviction, commission, aiding or abetting, attempting, conspiring, or soliciting to commit any of the following:
[[Image here]]
(i) Abuse or neglect which is chronic, life threatening, or results in gravely disabling physical or psychological injury or disfigurement.
(j) Abuse or neglect after the child is returned to the parent’s care and custody while under department supervision, when the child had previously been removed for his safety from the parent pursuant to a disposition judgment in a child in need of care proceeding.
[[Image here]]
(5) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent’s custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent’s condition or conduct in the near future, considering the | (¡child’s age and his need for a safe, stable, and permanent home.
*1246 Although K.B. raises in her argument that her parental rights were improperly terminated pursuant to La. Ch.C. art. 1015(5), her brief fails to acknowledge the fact that her rights were also terminated pursuant to subsections (3)(i) and (3)(j) of the same Article. Because of the trial court’s findings of grounds for termination of parental rights, reunification efforts by DCFS were not required pursuant to La. Ch.C. art. 672.1(C). Actually, in accordance with La. Ch.C. art. 1037, the trial court was mandated to terminate K.B.’s parental rights after finding those grounds for termination. At that point in the matter, the issue of whether DCFS made any reasonable efforts to reunify K.B. and M.B. was inconsequential to the outcome.[16] Furthermore, once DCFS filed its “Petition for Termination of Parental Rights and Certification for Adoption,” its goal was no longer reunification between K.B. and M.B. As such, DCFS did not continue to have an obligation to assist K.B. in removing the obstacles for reunifying her with M.B. See, State, ex rel. H.M. v. T.M., 44,446, p. 8 (La.App. 2 Cir. 5/6/09); 12 So.3d 409, 414.
For the foregoing reasons, I am of the opinion that the termination of KB.’s parental rights was proper, in accordance with La. Ch.C. art. 672.1(C). In all other respects, I agree with the majority’s opinion.

. Because K.B. did not appeal the validity of the trial court’s findings of grounds for termination, those findings are not being reviewed.

. See also, State in Interest of N.T., 560 So.2d 63, 66-67 (La.App. 5th Cir.1990), where it was found that since the State had proven all of the elements of either La. R.S. 13:1601(A) or 13:1601(B) (the former parental termination sections), it made no difference as to whether the State proved efforts to reunite the parent and child because a finding under any one of the parental termination sections was sufficient to sustain a judgment of termination.