580 So.2d 957 (1991)
STATE of Louisiana
v.
Landis J. CAMP.
No. 90-KA-774.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1991.
Bruce G. Whittaker Staff Appellate Counsel Indigent Defender Bd., Gretna, for defendant/appellant.
John M. Mamoulides, Dist. Atty., Denis Ganucheau, Dorothy A. Pendergast, Asst. Dist. Attys., Research & Appeals, Gretna, for plaintiff/appellee.
Before BOWES, DUFRESNE and GOTHARD, JJ.
BOWES, Judge.
Defendant, Landis J. Camp, appeals a jury verdict finding him guilty of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. The trial court sentenced the defendant to three years at hard labor, the first year to be served without benefit of parole, probation, or suspension *958 of sentence. For the following reasons, we affirm.

FACTS
On December 25, 1988, Keith Earl, a neighbor of the victim and eyewitness to the burglary, heard the sound of breaking glass. He looked out the door but did not see anything. Upon hearing the sound of breaking glass a second time, he looked out of his sliding glass door on his balcony and observed an individual leaving the neighboring apartment with a television set. Earl yelled to defendant to stop; however, defendant kept going out of the door. Earl ran downstairs and began chasing defendant down the street. As Earl caught up to the suspect, he dropped the television set and continued his flight. By this time, a second individual saw what was happening and joined in the chase. The two men eventually apprehended defendant and held him down until the police arrived. At trial, Earl identified defendant as the individual he saw coming out of the apartment with the television set.
The second individual, Keith Romaguera, testified at trial as to his participation in the apprehension of defendant. He also identified defendant in court as the individual he was chasing on December 25, 1988.
Michael Anderson, the victim of the burglary, testified at trial that he was a casual acquaintance of defendant, but that he did not give authorization to defendant to enter his apartment or to remove any of his personal belongings from the apartment. Anderson also testified that defendant came to his apartment approximately 3-5 days before the burglary, and defendant knew of Anderson's plans to be in Chicago for the holidays. On cross-examination, Anderson admitted that he had no personal knowledge of who burglarized his apartment.
After the presentation of the State's case, defendant testified in his own behalf. He admitted that on December 25, 1988, at approximately 11:30 a.m., he was in the general vicinity of the burglary because he was visiting a friend. Upon leaving the friend's apartment, he ran across the street to avoid an approaching vehicle. As he was running, he saw these two white men chasing a third individual. However, the two lost the man they were chasing and grabbed defendant instead. Defendant denied any involvement in the burglary.
As a rebuttal witness, the State called Deputy David Shaw who testified that he responded to a burglary call on December 25, 1988 at 520 Wall Boulevard. Upon arrival, he found two white males holding a black male down on the grassy area in front of the apartment complex. He also observed a large television in the grass a short distance away. Shaw identified defendant in court as the individual Earl and Romaguera apprehended; Shaw, thereafter, placed defendant under arrest.

MISTRIAL
It is alleged by the defendant that the trial court erred in denying the appellant's motion for a mistrial due to a reference to inadmissible evidence of another crime.
At trial, Mr. Keith Earl was called as a state witness to testify as to his participation in the apprehension of defendant. The following excerpt from the transcript forms the basis for the instant objection:
"Q. Was Mr. Camp armed?
A. I didn't know it at the time I chased him, but when the police got there and frisked him he did have a knife.
MR. HAFNER:
Objection. May we approach the bench?
THE COURT:
Yes.
(The following is outside the hearing of the jury.)
MR. HAFNER:
Your Honor, I am going to object to the introduction of any evidence of other crimes. I asked the D.A. at the start of the trial if he was going to use any Prieur evidence and he said no. Now he is trying to introduce evidence of another crime, carrying a concealed weapon.
MR. GANUCHEAU:
No, he's not charged with that.

*959 MR. HAFNER:
Then you can't use evidence of another crime such as carrying a concealed weapon, which has nothing to do with this case. I would ask for a mistrial.
THE COURT:
The Court is going to sustain your objection and if you go any further into this and try to introduce another crime then I will give a mistrial.
MR. HAFNER:
Your Honor, please note for the record my request for a mistrial.
MR. GANUCHEAU:
I would ask that the Court admonish the jury to disregard
MR. HAFNER:
No, I would object to any admonishment and I still request a mistrial.
THE COURT:
The Court is going to deny your motion for a mistrial and the Court will admonish the jury to disregard the last question and answer.
MR. HAFNER:
Note my objection to the Court's ruling.
[Then the Court proceeded to admonish the jury to disregard the testimony objected to by the defense.]"
LSA-C.Cr.P. art. 770 states in pertinent part:
Art. 770. Prejudicial remarks; basis of mistrial
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
. . . . .
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
. . . . .
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
LSA-C.Cr.P. art. 771 states as follows:
"Art. 771. Admonition
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
Ordinarily, since the challenged remark in the present case was made by a State witness, as opposed to the judge, district attorney, or other court official, article 771 is the appropriate statute. See State v. Perry, 420 So.2d 139 (La.1982).
However, when the prosecutor deliberately solicits an inadmissible statement, our courts consider the matter under C.Cr.P. art. 770:
The jurisprudence interpreting this article has held that an impermissible reference to another crime deliberately elicited of a witness by the prosecutor would be imputable to the State and would also mandate a mistrial. State v. Overton, 337 So.2d 1201 (La.1976); State v. Lepkowski, 316 So.2d 727 (La.1975). State v. Madison, 345 So.2d 485 (La.1977).
It appears inarguable that the prosecutor in the present case deliberately elicited the answer from Mr. Earl via the direct question *960 "Was Mr. Camp armed?" The defendant was not charged with a violation of LSA-R.S. 14:95, illegal carrying of weapons, and the statement was obviously a reference to that (other) crime.
Nevertheless, as the Supreme Court in State v. Madison, supra, explained:
"However, it is not merely reference to `another crime' which invokes the protection of the article, as defendant seems to suggest; the reference must be to another crime `committed or alleged to have been committed by the defendant as to which evidence is not admissible.'"
References to "other crimes", which references do not warrant a mistrial, have been found to be admissible under the theory of "res gestae." State v. Madison, supra; State v. Belgard, 410 So.2d 720 (La. 1982); State v. Wingo, 457 So.2d 1159 (La. 1984). The concept of res gestae insofar as it relates to "other criminal acts" has been redefined in the relatively new Louisiana Code of Evidence. LSA-C.E. art. 404(B)(1) states:
"B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding."
Also see Comments (m) to LSA-C.E. art. 404.
While carrying a concealed knife is not an element of the offense charged, burglary, we find that it does constitute an integral part of the act. Earl chased the defendant from the scene of the burglary until he and Romaguera tackled him. While still at the scene, the arriving officers discovered the knife. The close proximity in time and place between the two events attests to the plan, preparation and intent of the burglar. We conclude that reference to the knife was admissible in the trial for burglary under LSA-C.E. 404(B) and, therefore, a mistrial was not mandated.
Granting of a mistrial is discretionary under LSA-C.Cr.P. art. 771:
"LSA-C.Cr.Proc. Art. 771 leaves the decision as to whether to grant a mistrial or admonition to the sound discretion of the trial court. State v. Harris, 383 So.2d 1 (La.1980); State v. Hegwood, 345 So.2d 1179 (La.1977); State v. Sepulvado, 342 So.2d 630 (La.1977). A mistrial is a drastic remedy and is warranted only when trial error results in substantial prejudice to the defendant sufficient to deprive him of a fair trial. State v. Harris, supra; State v. Williams, 375 So.2d 364 (La.1979); State v. Heads, 370 So.2d 564 (La.1979)."

State v. Goods, 403 So.2d 1205 (La.1981).
We find no abuse of the trial court's discretion in denying the motion for mistrial. The reference did not substantially prejudice the rights of the defendant, and we conclude that the admonition of the trial judge sufficiently prevented any prejudice to his right to a fair trial. In this vein, see State v. Goods, supra; State v. Maiden, 463 So.2d 848 (La.App. 2 Cir.1985); State v. Montgomery, 432 So.2d 340 (La.App. 1 Cir. 1983).
This assignment of error is without merit.

EXCESSIVE SENTENCE
Defendant complains that the trial court erred by imposing excessive sentence.
Under LSA-R.S. 14:62.1, the sentence range for conviction of simple burglary of an inhabited dwelling is imprisonment at hard labor for not less than one year, without benefit of parole, probation, or suspension of sentence, to twelve years.
Camp, a first felony offender, was sentenced to three years at hard labor, the first year to be served without benefits as prescribed.
The law regarding excessive sentences has been repeatedly set forth by this Court.
*961 Recently, in State v. Jones, 559 So.2d 492 (La.App. 5 Cir.1990), a panel of this Court stated as follows:
"The courts are prohibited from imposing cruel, excessive, or unusual punishment by Article I, Section 20 of the Louisiana Constitution of 1974. Sentences which are `grossly out of proportion to the severity of the crime' or `nothing more than the purposeless and needless imposition of pain and suffering' are excessive. State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Sturdivant, 531 So.2d 539 (La.App. 5 Cir.1988). Even sentences which are within statutory limits may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tyler, 524 So.2d 239 (La.App. 5 Cir.1988).

. . . . .
In discussing elements which should be considered before imposing sentence, the Louisiana Supreme Court, in State v. Soco, 441 So.2d 719, 720 (La.1983), appeal after remand, 508 So.2d 915 (La. App. 4 Cir.1987) stated:
`While the trial judge need not recite the entire article 894.1 checklist of aggravating and mitigating factors, the record must reflect that the judge adequately considered the guidelines. State v. Quebedeaux, supra [424 So.2d 1009 (La.1982) ]; State v. Trahan, 412 So.2d 1294, 1296 (La.1982). Important elements which must be considered are the convict's personal history (age, family ties, marital status, health, employment record), prior criminal record or absence thereof, seriousness of the particular offense, and the likelihood of recidivism or rehabilitation. State v. Quebedeaux, supra; State v. Trahan, supra. Further the judge must state for the record the factual basis therefor. C.Cr.P. art. 894.1(C); State v. Jones, 398 So.2d 1049, 1052 (La. 1981). The judge must, in effect, justify his sentence with factual reasons.'
The law is well settled that a remand for resentencing will be necessary when L.S.A.-C.Cr.P. Article 894.1 has not been adequately complied with and when there is a serious lack of evidence to support the sentence imposed in relation to the particular offense committed. State v. Sosa, 537 So.2d 873 (La.App. 5 Cir. 1989)."
In the present case, the trial judge offered few articulated reasons for his sentencing choice. He remarked only that he had considered the pre-sentence report, now made part of the record, and that he felt no mitigating circumstances were presented.
Defense counsel argues that the defendant is a first felony offender, and, while such is the case, the pre-sentence report reflects that Camp has a long history of criminal activity, including numerous misdemeanor and traffic offenses and several charges involving weapons. Moreover, despite Camp's assertion of his desire to prove himself a "productive citizen", the pre-sentence report, which he admits is correct, reflects that, although blessed with regular employment, he has failed to support his children and, at the time of the sentencing, had child support arrearages totaling over $3,000.00.
Lastly, Camp has never acknowledged guilt nor expressed remorse for his action despite the overwhelming evidence against him.
As noted hereinabove, the trial judge's failure to articulate extensive sentencing reasons provides a basis for remand only when the sentence is unsupported by the record and thus appears to have been arbitrarily, thoughtlessly, or hastily imposed.
Such is not the case here. The trial judge ordered a pre-sentence investigation be conducted and offered the defendant an opportunity to traverse its contents prior to imposing sentence. Upon the defense's candid assertion that the report was substantially accurate, the trial judge determined a three-year sentence, which afforded Camp the possibility of parole after the first year, to be appropriate, considering *962 the nature of the offense and the character and background of the defendant. As the sentencing choice is within the lower range of possible sentences which could have been imposed and appears adequately supported by the record, which includes the pre-sentence investigation, neither a vacation of the sentence for excessiveness nor a remand for further justification is warranted.
This assignment of error is without merit.

PATENT ERROR DISCUSSION
Also assigned as error are any and all errors patent on the face of the record.
We have reviewed the record for errors patent in accordance with guidelines in State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Schneider, 542 So.2d 620 (La. App. 5 Cir.1989), and we find none.
For the foregoing reasons, the conviction and sentence of the defendant are affirmed.
AFFIRMED.