ELORA C. FINK, Judge Pro Tem.
Appellant, Renell Williams, was charged by bill of information on November 29, 1989 with simple robbery, a violation of La.R.S. 14:65. At his arraignment on December 15, 1989 he entered a plea of not guilty. At his trial on May 16, 1990, Williams was found guilty by unanimous verdict of a six-member jury and he was sentenced on June 22, 1990 to three years at hard labor, with credit for time served. From this conviction and sentence Williams filed a timely appeal to this Court.
FACTS
The evidence established that on the evening of October 31, 1989, Renell Williams entered a convenience store in Kenner, jumped onto the checkout counter, and began grabbing cartons of cigarettes from behind the counter. The store cashier attempted to stop Williams, but he kicked the cashier in her jaw and stomach. The cashier nonetheless was able to report the robbery to the police while Williams was still in the store. Williams jumped down from the counter and fled from the store, carrying several cartons of cigarettes. The cashier gave chase, following closely behind him.
Patrolman Henry Jaume of the Kenner Police Department, on routine patrol of the area, observed Williams running away from the store with the cashier in pursuit. Patrolman Jaume recognized the cashier and observed that Williams was carrying cartons of cigarettes, whereupon the officer took up the chase, following closely behind him in a marked police vehicle. Williams ran into a brush-covered area and hid. Jaume and his partner left their vehicle and searched the area, ultimately finding Williams hiding behind a fence. The cashier then positively identified Williams as the perpetrator of the robbery.
ASSIGNMENT OF ERROR NO. 1
The appellant’s first assignment of error is that the trial court imposed an excessive sentence. In arguing that his sentence is excessive, the defendant contends the trial judge failed to give adequate consideration to the La.C.Cr.P. art. 894.1 sentencing guidelines. He requests a remand for re-sentencing in accordance with law.
*1254 The maximum sentence for conviction of simple robbery is seven years at hard labor. R.S. 14:65. Here, the trial judge sentenced the defendant to three years at hard labor with credit for time served.
The Louisiana Constitution of 1974, Article 1, Section 20, prohibits the imposition of cruel, unusual, or excessive punishment. Sentences are considered excessive if “grossly out of proportion to the severity of the crime” or “nothing more than the purposeless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Avila, 563 So.2d 990, 992 (La.App. 5 Cir.1990).
When considered in the light of a particular defendant and the circumstances of a particular crime, a sentence may be found to be excessive even if it falls within the statutory limit. State v. Quebedeaux, 424 So.2d 1009 (La.1982). Sentences must be individualized to be compatible with offenses as well as offenders. State v. Studivant, 531 So.2d 539 (La.App. 5 Cir.1988).
Por a sentence to be set aside as excessive, the penalty must be “so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice.” State v. Cann, 471 So.2d 701, 703 (La.1985).
The trial judge need not state for the record his consideration of each of the aggravating and mitigating circumstances enumerated in the sentencing guidelines. State v. Quebedeaux, supra. The record, however, must reflect that the judge did consider these guidelines in particularizing the sentence of the defendant.
Here, the trial judge specifically pointed out the serious nature of the defendant’s offense, the forceful manner in which it was committed, and the circumstances of defendant’s past. He further noted that he had read the sentencing guidelines of Art. 894.1 of the Code of Criminal Procedure in light of these factors.
At the sentencing the trial judge stated:
Okay, Mr. Williams, you were convicted by a jury of simple robbery after a jury trial. The maximum sentence which I can impose is seven years at hard labor. I have reviewed all the sentencing guidelines of Article 894.1 of the Code of Criminal Procedure and because rob — it is a serious matter, because of things that have happened in your past, the court is going to sentence you to three years at hard labor with credit for any time you have served in this case.
In State v. Camp, 580 So.2d 957, 961 (La.App. 5 Cir.1991), we held that “the trial judge’s failure to articulate extensive sentencing reasons provides a basis for remand only when the sentence is unsupported by the record and thus appears to have been arbitrarily, thoughtlessly, or hastily imposed.”
Here, even if it were assumed that the trial judge’s sentencing reasons were less than extensive, the record in this case provided ample factual support for the sentence imposed on the defendant. State v. Camp, supra. The record reflects that the defendant perpetrated the robbery in a forceful manner, jumping onto the store counter and kicking the cashier in the stomach and jaw. The defendant’s own testimony at trial reflects that at the time he committed the robbery he was on probation for a previous conviction of receiving stolen goods. Further, the penalty imposed on the defendant was in the lower range of possible sentences that could have been imposed. See State v. Camp, supra.
As the statutory maximum sentence for simple robbery is seven years at hard labor, defendant’s sentence was well within the statutory limit. LSA-R.S. 14:65. Accordingly, we find no error in the trial court’s sentencing of appellant to three years at hard labor with credit for time served. Thus, there is no need either to vacate the sentence or to remand the case for further justification of the sentence.
ASSIGNMENT OF ERROR NO. 2
Defendant also assigns as error any errors patent on the face of the record. The *1255 record discloses no patent errors; therefore, there is no merit to this assignment of error.
DECREE
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.